UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

RUSSELL ZANE HUPPERT,

                Petitioner,

     v.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

                Respondent.

Case No. 2:11-cv-00584-CWD

**MEMORANDUM DECISION AND
ORDER**

## INTRODUCTION

Currently pending before the Court is Petitioner Russell Zane Huppert's ("Petitioner")

Petition for Review of the Respondent's denial of social security benefits, filed November 28,

2011. (Dkt. 1.) Petitioner seeks a remand to the Commissioner for additional administrative

proceedings under sentence six of 42 U.S.C. § 405(g) on the grounds that medical records

developed after the administrative hearing constitute new and material evidence. The Court has

reviewed the Petition for Review and the Answer, the parties' memoranda, and the

administrative record ("AR"), and for the reasons that follow, will remand to Commissioner with

further instructions.

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on July 6, 2009, alleging disability beginning December 20, 2008. The application was denied initially and on reconsideration, and a hearing was held on August 3, 2010, before Administrative Law Judge ("ALJ") Marie Palachuk. After hearing testimony from a vocational expert, medical experts, Petitioner, and Petitioner's wife, ALJ Palachuk issued a decision finding Petitioner not disabled on September 17, 2010.

As to Petitioner's specific conditions, ALJ Palachuk found that Petitioner's asthma, depressive disorder, and posttraumatic stress disorder were not severe within the meaning of the Regulations. (AR 14-15.) ALJ Palachuk did find Petitioner's ulcerative colitis, degenerative changes of the left knee, and low back pain severe within the meaning of the Regulations, but also found that Petitioner's impairments did not meet or equal the criteria for the listed impairments. (AR 14-15.) At step four of the sequential analysis, the ALJ found that Petitioner's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms" were not wholly credible because "the medical evidence of record coupled with the claimant's admissions of improvement do not support the degree of severity and frequency alleged." (AR 16.)

After the administrative hearing, Petitioner continued psychiatric treatment, and on August 15, 2011, had surgery for a total abdominal colectomy with end ileostomy. (AR 1317-1319, 1387.)

Petitioner timely requested review by the Appeals Council, which denied his request on

**MEMORANDUM DECISION AND ORDER - 2**

October 27, 2011. Petitioner appealed that final decision to this Court. The Court has jurisdiction

to review the ALJ's decision pursuant to 42 U.S.C. § 405(g), and the parties have consented to

the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## LEGAL STANDARD

Under sentence six of 42 U.S.C. § 405(g), as long as certain conditions are met, a district

court may remand a Social Security case "in light of additional evidence without making any

substantive ruling as to the correctness of the Secretary's decision . . . ." *Melkonyan v. Sullivan*,

501 U.S. 89, 100 (1991). To justify a remand, Petitioner must demonstrate (1) that the proffered

evidence is new; (2) that the evidence is material to the ALJ's decision; and (3) that he has good

cause for failing to previously present the evidence to the ALJ. 42 U.S.C. § 405(g).

## DISCUSSION

Petitioner asks the Court to remand his claim for benefits under sentence six of 42

U.S.C. § 405(g), because he believes that the psychiatric and medical evidence reflected in

medical records prepared by his treatment providers after the administrative hearing confirm "the

severity of the colitis" and demonstrate that he was "in the severe range" for depression. (Dkt. 18

at 4, 5.) The Commissioner argues that if the new "evidence supports a finding of disability as

Petitioner implies, his remedy is to file a new application if he has not already done so." (Dkt. 19

at 5.) However, if the new evidence presented by Petitioner meets the 42 U.S.C. § 405(g)

requirements, a new application is not necessary.

The parties agree that the evidence offered by Petitioner is new. (Dkt. 19 at 8.) Further,

Petitioner has good cause for failing to previously submit the evidence because the evidence was

not previously available. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new

information surfaces after the Secretary's final decision and the claimant could not have obtained

**MEMORANDUM DECISION AND ORDER - 3**

that evidence at the time of the administrative proceeding, the good cause requirement is satisfied."). The Commissioner admits that Petitioner "could not have obtained the evidence in question prior to the ALJ issuing [her] decision, as the treatment reported within occurred nearly a year after the ALJ issued [her] decision." (Dkt. 19 at 8.) Therefore, Petitioner has good cause for failing to previously supply the evidence because the evidence was not available. Thus, the only issue is whether the evidence is material.

Under section 405(g), evidence is material only if (1) it directly and substantially addresses the disputed matter; and (2) there is a reasonable possibility that the new evidence would have changed the ALJ's decision. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

Evidence directly and substantially addresses the disputed matter if the evidence relates to a condition that was "significantly at issue" at the time of the administrative hearing. *Id.* (holding that the petitioner failed to demonstrate a reasonable possibility that new evidence of herniated discs would have changed the outcome of the ALJ hearing, because at the hearing the petitioner did not submit any medical evidence that connected her symptoms to a back problem). Here, Petitioner argues that the new evidence relates to his colitis and depression. At the administrative hearing, Petitioner had submitted medical evidence connecting his symptoms to colitis and depression. (AR 14-17.) Therefore, these conditions were significantly at issue at the time of the hearing.

There is a reasonable possibility that new evidence would have changed the ALJ's decision when the evidence provides a medical basis for a petitioner's previously unsubstantiated allegations of disabling symptoms. *Wainwright v. Sec'y of Health & Human Servs.*, 939 F.2d 680, 683 (9th Cir. 1991). In *Wainwright*, the ALJ denied the petitioner benefits because the petitioner's allegations of pain were not supported by the medical evidence. *Id.* However, an

**MEMORANDUM DECISION AND ORDER - 4**

MRI scan taken after the administrative hearing revealed a condition that potentially provided a medical basis for the petitioner's allegations. *Id.* Since the MRI evidence supported the petitioner's allegations, and benefits were denied because of the lack of medical support, the new MRI evidence had a reasonable possibility of changing the ALJ's decision. *Id.*

Here, the new evidence relating to Petitioner's colitis may provide a medical basis for the symptoms he alleged; therefore, there is a reasonable possibility that the evidence would have changed the ALJ's decision. Indeed, Petitioner was denied benefits in part because the ALJ found that, "[a]s to colitis, the medical evidence of record coupled with [Petitioner's] admissions of improvement do not support the degree of severity and frequency alleged," and that the medical records "do not show evidence of significant worsening." (AR 16-17.) The ALJ specifically relied on the medical expert, who testified that the medical record did not support a finding of frequent stools, showed a normal abdominal exam, and demonstrated "only mildly acute chronic colitis." (AR 16.)

However, after the hearing, "[g]iven the severity of [Petitioner's] symptoms and refractory disease," on August 2, 2011, Petitioner's physicians decided to "proceed with an urgent total abdominal colectomy." (AR 1455.) This medical evidence may support Petitioner's allegations of severity and frequency. Since the ALJ found that Petitioner's allegations were not wholly credible because they were not supported by medical evidence, if the record had contained this new evidence, the ALJ may have decided that Petitioner's allegations were credible or that Petitioner's conditions met listing level severity. Therefore, there is a reasonable possibility that this new evidence would have changed the ALJ's decision. Ultimately, because this colitis evidence directly and substantially addresses the disputed matter and there is a

**MEMORANDUM DECISION AND ORDER - 5**

reasonable possibility that the evidence would have changed the ALJ's decision, the evidence is material.

There is not, however, a reasonable possibility that the new evidence of Petitioner's depression would have changed the ALJ's decision. Petitioner states that "the new VA records which detail Petitioner's continued psychiatric treatment and his GAF score .... establish[] that his major depressive disorder [was] severe, and could even be at listing level give[n] his GAF of 40-50." (Dkt. 18 at 6.)  These records are not significantly different than records already presented to the ALJ. The administrative hearing record contained evidence that Petitioner had multiple psychiatric and counseling sessions beginning at least in August of 2009 up until the hearing. (*See* AR 952, 1129.) The new medical records establishing that psychiatric care continued after the hearing do not provide additional evidence of Petitioner's mental health condition; the administrative record already established that Petitioner was undergoing ongoing psychiatric treatment.

At the time of the administrative hearing, Petitioner's medical records contained GAF scores within the 40-50 range: on February 25, 2009, his GAF score was 48, and on August 28, 2009, his GAF score was 50. (AR 457, 696.) Because the administrative hearing record already demonstrated GAF scores within the 40-50 range and demonstrated ongoing, long term psychiatric treatment, the new evidence is not sufficiently different from evidence already presented for there to be a reasonable possibility that it would have changed the ALJ's decision. Therefore, even though the depression evidence directly and substantially addresses the disputed matter, it is not material.

Having fully reviewed the record, the Court finds that Petitioner's case should be remanded under sentence six of 42 U.S.C. § 405(g) for consideration of the new evidence of

**MEMORANDUM DECISION AND ORDER - 6**

Petitioner's colitis treatment. The new evidence of Petitioner's psychiatric treatment, however, need not be considered.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)     Plaintiff's Petition for Review (Dkt. 1) is **GRANTED**.

2)     This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3)     This Remand shall be considered a "sentence six remand," consistent with 42 U.S.C. § 405(g).

Dated: **February 15, 2013**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 7**